IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RODGER DALE GRIGGS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-133-O |
| | § | |
| RODNEY W. CHANDLER, Warden,[1] | § | |
| FCI-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a "Motion," which is construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner, Rodger Dale Griggs, a federal prisoner confined at the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth), against Rodney W. Chandler, warden of FCI-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Public records show that Petitioner is serving a total term of 235 months' imprisonment for his 2006 convictions in the United States District Court for the Northern District of Indiana for attempt to evade or defeat tax, willful failure to file a tax return/information, conspiracy to defraud the United States, aiding and abetting fraud, conspiracy to commit money laundering, and aiding and

---

[1] Petitioner designates the "S.E.C. vs Capital Holdings L.L.C." as Respondents, however in a habeas corpus proceeding under § 2241, the correct respondent is the petitioner's immediate custodian, which is typically the warden of the facility where a petitioner is being held. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Petitioner is currently confined in FCI-Fort Worth. Thus, the clerk of Court is directed to docket and change the designation of the respondent to reflect Rodney W. Chandler, Warden, FCI-Fort Worth, as the sole Respondent.

abetting engaging in monetary transactions, stemming from his involvement in a Ponzi scheme. Amended J., *United States v. Griggs*, 3:04-cr-00071-JD-5, ECF No. 407. Petitioner appealed his convictions, but the Seventh Circuit affirmed the district court's judgment. *Id.*, ECF No. 525. Petitioner also filed one or more motions under 28 U.S.C. § 2255 in the convicting court, to no avail. *Id.,* ECF No. 566. In this § 2241 petition, Petitioner appears to raise two issues: (1) the sovereignty of the Iroquois Chicamauga Southern Cherokee tribe, of which he asserts he is chief and (2) a defective indictment in his criminal case. As a result of the alleged defect in the indictment, he seeks dismissal of the indictment, release from custody, and payment of funds allegedly owed to him and to the tribe. Pet. 2-11, ECF No. 1.[2]

## II. DISCUSSION

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[3] Therefore, no service has issued upon Respondent.

As a general rule, a federal prisoner who seeks to challenge collaterally the legality of a conviction or sentence must do so in a § 2255 motion to vacate, set aside, or correct sentence. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Such claims may only be raised in a § 2241 petition if the

---

[2]The pages of the petition are not paginated, therefore the pagination in the ECF header is followed.

[3]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

2

petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) the claim is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Although Petitioner does not raise a savings-clause claim, it is clear that he cannot meet these requirements from the face of the petition. Petitioner cites no retroactively applicable Supreme Court decision that would arguably decriminalize his conduct, nor was his defective-indictment claim foreclosed at the time of his trial, appeal or his initial § 2255 motion. Therefore, Petitioner cannot show that the remedy by § 2255 motion is inadequate or ineffective to test the legality of his convictions or sentences. A § 2241 petition is not an alternative to the relief afforded by motion in the sentencing court under § 2255. *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963)). The fact that procedural barriers may prevent Petitioner from filing a future § 2255 motion does not change this result. *Jeffers*, 253 F.3d at 830 (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack,* 218 F.3d at 453 (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective). Because any challenge to Petitioner's convictions or

sentences does not fall within the savings clause of § 2255(e), his claims are not cognizable in a § 2241 petition.

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction.[4] The clerk of Court is **DIRECTED** to return to Petitioner the original attachments to the petition, as some appear to be original documents instead of copies.

**SO ORDERED** on this 2nd day of March, 2015.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[4] Because the Court lacks subject matter jurisdiction over this cause, it makes no ruling on Petitioner's Application to Proceed In Forma Pauperis. Appl., ECF No. 2.